TOWNSHIP OF EAST BRUNSWICK, PLAINTIFF IN ERROR, v CITY OF NEW BRUNSWICK, DEFENDANT IN ERROR.

1. If the state board of taxation, upon a complaint of a taxing district, under section 8 of "A general act concerning taxes," approved March 19th, 1891, increases the valuation of another taxing district, it should proceed to add that increased valuation to the unchallenged valuations of all the other taxing districts of the county, and then to apportion the county and state tax to be raised among the taxing districts in the proportion of the valuation of each to the total valuations.
2. A taxing district, the valuation of which has, upon complaint, been increased, cannot, by *certiorari*, object to the determination of the state board because it has imposed on it an increase less than its adjudication required, nor because the board erred in apportioning the tax to be raised, when such error does no injury to it.
3. *Quære* as to what action is within the jurisdiction of the state board of taxation to review under said act.

On error to the Supreme Court.

For the plaintiff in error, *Alan H. Strong.*

For the defendant in error, *Robert Adrain.*

The opinion of the court was delivered by

MAGIE, J.    Plaintiff in error, the township of East Brunswick, was the prosecutor of a *certiorari* which brought before the Supreme Court the judgment and order of the state board of taxation made under the provisions of "A general act concerning taxes," approved March 19th, 1891 (*Pamph. L., p.* 189), whereby the county and state school tax to be raised in that township for the year 1893 was increased.

The Supreme Court dismissed the writ on the ground that it did not appear that prosecutor was in any degree injured by the alleged errors of the state board.

It is now contended that the judgment of the Supreme Court was erroneous and should be reversed, and a judgment be rendered setting aside the order of the state board. Error will lie upon such a dismissal of a *certiorari*. *Hoxsey* v. *Paterson,* 10 *Vroom* 489; *Middleton* v. *Robins,* 25 *Id.* 566.

By the eighth section of the act before mentioned, the state board of taxation is given jurisdiction, *inter alia,* over complaints of any "taxing district" feeling itself aggrieved by the action of any "board of equalization," and power is conferred on the state board to "revise and correct the determination of such county boards of equalization by fixing the amount each taxing district shall raise, in just proportion according to the true value of the taxable property therein." An assessment made within the power granted is declared to be final and conclusive.

The return to the *certiorari* contains a complaint made to the state board by the city of New Brunswick, a taxing district in the county of Middlesex, and the judgment and order of the state board made thereon. Nothing else appears in the record, and what the action of the state board was can only be discovered from its judgment and order.

The complaint was that the valuations of property for taxation for the year 1893, in certain townships of Middlesex county (including East Brunswick), had not been made at the true value, but at less than the true value, whereby the complaining city was injured by being required to pay a greater proportion of county and state school tax than was lawful. The complaint did not show that the valuations complained of had been the subject of action by the county board of assessors, which board, having power to raise the valuation of property in any taxing district when relatively less than the valuations of other districts (*Rev.*, *p.* 1155, § 72), and thus to equalize the burden of taxation among such districts, may be called a county board of equalization. None of the reasons filed in the Supreme Court challenge the jurisdiction of the state board to act upon such a complaint, and no opinion is intended to be expressed upon that point.

The first reason filed in the court below is based upon the ground that the order of the state board creates differences in the rate of taxation among the taxing districts of the county. But such a result, though clearly erroneous, will not support an objection by prosecutor to the tax imposed upon it unless it has been made to appear that its burden not only varies from that borne by other taxing districts, but is greater than by law could lawfully be imposed upon it. If other taxing districts have been improperly valued, prosecutor's remedy was by proper proceedings to compel the valuations to be increased to the true value, as required by law. *Cooper* v. *De Bow*, 17 *Vroom* 286.

Counsel for plaintiff in error incidentally argues that it was the duty of the state board, upon such a complaint, to revise the valuations of all the taxing districts in the county. To this objection it must be answered that the point is not presented by any reason, and the fact that they did not do so does not appear. Nor in my judgment were they required to do so. In the absence of any complaint, the unchallenged valuations may well be presumed to have been made according to true value.

The adjudication of the state board upon this complaint was that the taxable property in East Brunswick had been valued at only eighty per cent. of its true value. Apparently with the view of curing this error the board ordered twenty per cent. to be added to the assessment of taxable property in that township. If the order in this respect is to be construed as a direction to add to the valuation complained of twenty per cent. of its amount, it was clearly erroneous, for the adjudication was that such valuation was only eighty per cent. of the true value, and, to reach the true value, it must be increased twenty-five per cent. What the actual increase was does not appear, but if it was arrived at upon the construction above indicated, the error was in favor of and not against plaintiff in error.

The state board further ordered that the township of East Brunswick should raise for county and state school tax, for

1893, $14,661. The amount previously imposed on the township was $12,320. How the increase of $2,341 was arrived at does not appear. It is not twenty per cent. of $12,320, and the latter sum is eighty per cent. of $15,400. In the absence of proof to the contrary, it must be assumed that the increase was determined in the proper manner. The true mode of determining the amount of increase is plain. The increased valuation of East Brunswick should have been added to the valuation of all the other taxing districts, and the total should have been compared with the amount of county and state school tax to be raised and with the valuations of each district. Such comparison would have given a rate of taxation necessarily less than the rate previously fixed, and the proportions or quotas to be raised in the several taxing districts which would vary from those previously fixed, in that the quota of East Brunswick would be greater and that of each of the other districts would be less than before.

As the case does not disclose the valuations of all the taxing districts, nor the previous tax rate, there are no data upon which we can make the calculation. We must assume that the state board made it and made it correctly.

The second reason assigned for the reversal of the proceedings was that the state board did not reach its conclusion upon a consideration and comparison of the duplicates of all the taxing districts of the county nor upon the valuations throughout the county. But the grievance complained of was the undervaluation in certain taxing districts. The valuations in other districts were unchallenged and might be assumed to have been correctly made. A comparison of all the valuations was necessary, as has been stated, to determine the proportion of the total tax to be raised by each district. In the absence of proof to the contrary, such comparison must be presumed to have been made. As each taxing district was interested in the determination, it would doubtless be proper, and, perhaps, necessary for each to be brought before the state board. It does not appear that the taxing

districts were not all represented before the board, but if it did appear the error in that respect cannot be ground of objection on the part of the plaintiff in error, for it had no interest in the determination of the board as to the proportions to be raised by other taxing districts. Such determination was a mere distribution of the increase required to be raised by plaintiff in error, and whether that increase was correctly distributed or not was a matter of no concern to it.

The third and fourth reasons assigned are based upon that part of the order of the state board which deducted from the amount of county and state school tax to be raised by the city of New Brunswick the whole $2,341 which was imposed by way of increase upon plaintiff in error. This was clearly erroneous. The city was entitled to no more than its share of such increase. But if the increase was lawful, it was a matter of no consequence to plaintiff in error what was done with it. Other taxing districts which were thereby injured might complain, but a reversal of that part of the order would not benefit the township of East Brunswick.

For these reasons the judgment below, dismissing the writ of *certiorari*, must be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, ABBETT, DIXON, GARRISON, LIPPINCOTT, MAGIE, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS, SMITH. 13.

*For reversal*—None.